FORET, Judge.
Plaintiff, Gin Saw Filing & Maintenance, Inc., filed suit to recover money allegedly due for services rendered to defendant, Producers Mutual Gin Company, Inc. Defendant answered, claiming that it owed nothing to plaintiff since the services for which plaintiff claimed payment were required due to plaintiffs faulty workmanship in an earlier job. Defendant also reconvened, seeking to recover damages allegedly suffered as a result of plaintiffs faulty workmanship. The trial court rendered judgment against plaintiff on its main demand finding that plaintiffs workmanship on the initial job was faulty. However, the court rejected defendant’s re-conventional demand, finding that defendant had not proven that any damages he had suffered, other than that repaired by plaintiff, were due to plaintiffs faulty workmanship. Plaintiff appealed the ruling of the trial court and defendant answered plaintiff’s appeal.
The two issues raised by this appeal are:
(1) Whether the trial court was clearly wrong in its determination that plaintiff’s failure to perform the initial work in a workmanlike manner was the cause of the damage to one of defendant’s gin stands.
(2) Whether the trial court erred in finding that defendant had failed to prove that the damages it sought compensation for in its reconventional demand were the result of plaintiff’s faulty workmanship.
FACTS
Defendant, Producers Mutual Gin Company, Inc., is a cotton ginning company and plaintiff, Gin Saw Filing & Maintenance, Inc., is in the business of providing repair and maintenance services to such companies. In February, 1981, defendant contacted plaintiff and asked plaintiff to recondition its three gin stands. Soon thereafter, plaintiff sent its repairman to defendant’s place of business. The work was done and defendant paid plaintiff in full.
In September of 1981, at the beginning of grinding season, plaintiffs repairman returned to defendant’s place of business and cleaned rust pivots off of the “ribs” of the three stands. The three gin stands were then placed into operation. Almost from the start, however, one gin stand (No. 2) began giving trouble. This stand was clogging up with the cotton put into it and, as a result, it had to be periodically stopped and cleaned out. This clogging or “choking” as it is called in the trade, continued until it caused a fire at the end of September, 1981. Plaintiff was contacted and it sent repairmen to defendant’s place of operations on October 1, 3, and 5, to remedy the problem. On October 1st, plaintiff’s repairmen changed three saw blades. On October 3rd and 5th, some of the “ribs” of stand # 2 were changed. After October 5th, stand #2 operated without any further trouble for the rest of the season.
In April of 1981, not long after plaintiff had reconditioned defendant’s gin stands, William H. O’Bryant had inspected the “ribs” of the stands. Mr. O’Bryant had been performing some other work for defendant and defendant’s employees had requested that he examine the “ribs” of the reconditioned stands and give them his opinion of the reconditioning job. Mr. O’Bryant manages a cotton gin and has a cotton gin and installation service. At trial, Mr. O’Bryant, testifying as an expert witness for defendant, stated that his inspection revealed that plaintiff’s repairmen had done a substandard job of filing down the “ribs”. He testified that when he inspected the “ribs” in April, he found a number of “burrs” (protuberances) on the “ribs” which were large enough to cause “choking”.
In October of 1981, gin stand # 1 also started giving defendant problems. Tarver Saw and Gin Repair, a Greensville, Mississippi company, was called by defendant to *1383 repair stand # 1. in gin stand # 1. Tarver changed the saws
PLAINTIFF’S MAIN DEMAND
Plaintiff contends that the trial court was clearly wrong in concluding that plaintiff had not performed in a workmanlike manner-when it reconditioned defendant’s gin stand, and that plaintiff’s faulty workmanship was the cause of the fire and resulting damage that occurred at the end of September.
An appellate court will not disturb the factual determination of a trial court unless they are clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973). In the present case, we think that the evidence supports the trial court’s determination that the fire and resulting damage were caused by plaintiff’s faulty workmanship in reconditioning gin stand # 2. We take the liberty of quoting from the trial court’s written reasons for judgment: “This Court holds that Gin Saw [defendant] failed to properly file down the ribs on gin stand # 2. The green cotton which Gin Saw claims caused the choking was being placed in all three gin stands. However, only gin stand # 2 suffered the severe choking described above. If green cotton was the cause of the choking, all three of the gin stands would have been affected. On the other hand, Gin Saw could have easily filed down the ribs on gin stand # 1 and gin stand # 3 sufficiently, but failed to sufficiently file down the ribs on gin stand # 2. As stated above, such a failure would have resulted in the type of choking that occurred. Therefore, the choking was most likely due to Gin Saw’s failure to file down the ribs.”
Additionally, the testimony of Mr. O’Bryant supports the trial court’s decision. As stated above, Mr. O’Bryant testified that in April of 1981, he inspected the reconditioned stand and found that the “ribs” had not been filed sufficiently and that “burrs” capable of producing “chokes” were present. The court’s conclusion, that these “burrs” caused the “chokes” in stand #2 and eventually the fire, was fully supported by the evidence.
When plaintiff undertook the reconditioning of defendant’s gin stands, it impliedly agreed to do the work in a workmanlike manner. By failing to properly recondition the “ribs” of the gin’s stand, plaintiff breached its obligation to perform the reconditioning in a workmanlike manner. It follows that plaintiff is liable for all damages that resulted from its failure. LSAC.C. Arts. 1930, 2769; Tiger Well Service v. Kimball Production Company, 343 So.2d 1153 (La.App. 3 Cir.1977). Defendant’s stand # 2 was damaged as a result of plaintiff’s faulty workmanship. Plaintiff was obligated to defendant for this loss and is not entitled to payment for the repairs it made to rectify the damage.
RECONVENTIONAL DEMAND
Defendant reconvened, asking for damages it claimed were due to plaintiff’s failure to properly recondition the gin stands. The first two items of damages claimed by defendant consist of losses which defendant claims it suffered as a result of its inability to operate gin stand # 2 on October 1, 3 and 5. The last item of damages consists of the money that defendant paid to Tarver Saw and Gin Repair for changing the saws on gin stand # 1 in October of 1981.
Defendant claims that, as a result of the fire and damage to gin stand # 2, it was only able to operate at two-thirds of capacity for most of October 1, 3 and 5. It alleges that, nevertheless, its utility bills and labor costs were the same as if it had been operating at full capacity. As a result, defendant claims it is entitled to recover one-third of its utility and labor costs incurred during the time that stand #2 was inoperable. As to these items of damage, the trial court found that defendant had failed to carry its burden of proof. We concur in this conclusion and again quote from the trial court’s written reasons for judgment:
“The only thing proven by Producers was that gin stand # 2 was shut down on October 1, 3 and 5, 1981. It was not shown that Producers lost any business *1384 or failed to gin as many bails of cotton as a result of gin stand # 2’s being shut down. For all this Court knows, Producers lost nothing during the three days gin stand # 2 was shut down.”
The other item of damage claimed by defendant is the money it paid Tarver Saw and Gin Repair to change the saws on gin stand # 2. Once again, the trial court found that defendant had failed to carry its burden of proof. We agree.
Although defendant introduced evidence to show that the “ribs” of the gin stands had not been properly reconditioned, defendant introduced no evidence with regard to the gin stands’ saws. The mere fact that stand # 1 broke down shortly after stand #2 is insufficient to support liability. Plaintiff cannot be cast in damages for breach of his implied obligation to perform in a workmanlike manner unless it is established that plaintiffs faulty workmanship was the cause of defendant’s damage. Tiger Well Service v. Kimball Production Company, supra. Defendant did not do this and, therefore, cannot recover for this item of damages.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against Gin Saw Filing & Maintenance, Inc.
AFFIRMED.